IN THE UNITED STATES DISTRICT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL LEON WILLIAMS | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. 05-3011-CV-S-DW-P |
| | ) | |
| UNITED STATES OF AMERICA | ) | Criminal No. 01-03077-01-CR-S-DW |
| | ) | |
| Respondent. | ) | |

**ORDER**

Before the Court is Movant's Motion to Vacate, Set Aside, or Correct His Sentence under 28 U.S.C. § 2255 (Doc. 1). The Government has filed its response in opposition (Doc. 5) and Movant replied (Doc. 7). After careful consideration of the parties' arguments, the Court DENIES the § 2255 motion. Williams plead guilty to unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(e) on September 13, 2002. In his plea agreement, he admitted to possession of two firearms and admitted that he had been convicted of the following offenses: (1) First degree robbery on October 5, 1987, (2) First degree robbery on October 6, 1987; and (3) Second degree burglary, on or about January 23, 1993. Williams's plea agreement reserved his right to appeal whether these convictions were sufficient for a sentence pursuant to 924(e) of 180 months.

Williams was sentenced to 180 months in prison on February 19, 2003. His appeal was affirmed by the Eighth Circuit. United States v. Williams, 346 F.3d 796 (8th Cir. 2003). He now brings this timely appeal under 28 U.S.C. 2255.

A federal sentence may be collaterally attacked by a 28 U.S.C. § 2255 motion. See Rules Governing Section 2255 Proceedings for the United States District Court, Rule 1. Section 2255 sets forth four grounds upon which a federal prisoner may base a claim for relief: (1) that the sentence

1

was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; Hill v. United States, 368 U.S. 424, 426-27, 82 S.Ct. 468, 470 (1962).

In this 28 USC 2255 motion, Williams argues he received ineffective assistance of cousnsel. He argues his counsel was ineffective for failing to contest (1) the statutory minimum sentence imposed by 18 U.S.C. § 924(e) and (2) the effect of his burglary conviction on appeal under Shepard v. United States, __ U.S. __, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). To establish a claim for ineffective assistance of counsel, Williams must show (1) counsel's representation was deficient, and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668 (1984). The first prong of this test requires that Williams demonstrate that counsel made errors so serious that the attorney ceased to function as the "counsel" guaranteed by the Sixth Amendment. But "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

Williams argues that the sentence imposed on him was outside the applicable Guideline range and therefore unauthorized. He argues that the applicable range is not the § 924(e) statutory minimum of 180 months, but rather, between 135 and 168 months, based on a criminal history category IV and total offense level 30. This argument must be rejected as Williams received the proper sentence under the Sentencing Guidelines, which state that "[w]here a statutorily required minimum sentence is greater than the maximum applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S. SENTENCING GUIDELINES MANUAL § 5G1.1. See also N.L.R.B. v. Trestle & Tower Engineering, Inc., 124 F.3d 198 (6th Cir. 1997) (a

2

statutorily mandated minimum sentence cannot be reduced by the sentencing guidelines). Thus, Williams's counsel was not ineffective in failing to argue for a lower sentence. Where a statutory mandatory minimum sentence and the guidelines conflict, the guidelines must yield, and the statutory minimum sentence prevails. Id.

Williams argues that he also received ineffective assistance of counsel as his counsel did not address his burglary conviction on appeal. He contends this burglary should not have been considered in assigning 924(e) in that the burglary involved a commercial building and not a residential building, and is therefore not a "crime of violence" as defined by § 4B.1 of the Sentencing Guidelines. This position is foreclosed by cases holding that the burglary of a non-residential property constitutes a crime of violence. See United States v. Stevens, 149 F.3d 747 (8th Cir. 1998); United States v. Hascall, 75 F.3d 902, 905 ("burglary of a commercial building poses a potential for episodic violence so substantial as to be a crime of violence").

The Eighth Circuit has adopted a "generic definition of burglary" which means that in terms of the application of section 4B1.1, "[i]t is the generic elements of burglary that matter–unlawful entry into a building to commit a crime–not the details of particular state statutes or the special circumstances of individual cases." United States v. Reynolds, 116 F.3d 328, 329 (8th Cir. 1997). The Court finds that Williams's burglary conviction is a qualifying offense under section 4B.1.1 of the Sentencing Guidelines. Thus, even if Williams were able to establish deficient representation, he is unable to show prejudice. Strickland v. Washington, 466 U.S. 668.

Williams further argues his counsel was ineffective in that he failed on appeal to argue for a lower applicable Guideline offense level under Buford v. United States and United States v. Joseph, 50 F.3d 401, 404, cert. denied, 516 U.S. 847, 116 S.Ct. 139, 133 L.Ed.2d 86 (1995). The Guidelines provide that a sentencing judge must count as a single prior felony conviction all those that are

3

"related" to on another. USSG § 4B1.2(c), and comment., n.3; § 4A1.2(a)(2). Prior convictions are "related" to one another when, inter alia, they are consolidated for sentencing, whether or not the sentencing court enters a formal order of consolidation. 4B1.2, comment., n.3; United States v. Joseph, 50 F.3d 401.

To prevail on this claim, Williams must show that there is a reasonable probability that the outcome of direct appeal would have been different if the consolidation issue had been raised on appeal. Chambers v. Bowersox, 157 F.3d 560, 566 (8th Cir. 1998). Williams does not demonstrate that if his counsel had raised a consolidation argument on appeal, that the Court of Appeals would not have affirmed his sentence. United States v. Speakman, 330 F.3d 1080, 1083 (8th Cir. 2003) (convictions that are considered related for Guidelines purposes are not necessarily considered felonies committed on the same occasion for purposes of § 924(e)). Accordingly, Williams has not demonstrated ineffective assistance of counsel upon appeal.

Defendant concedes that Shepard v. United States is inapplicable to his case. Thus, the Court declines to consider the argument raised in Defendant's § 2255 motion.

For the reasons set forth above, it is hereby ORDERED that Smith's 28 U.S.C. § 2255 motion (Doc. 1) is DENIED.

IT IS SO ORDERED

/s/ DEAN WHIPPLE
Dean Whipple
United States District Judge

DATE: August 29, 2005